UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MCDOW,<br><br>   Plaintiff,<br><br> v.<br><br>SHELTER FINANCIAL SERVICES, LLC, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00163-AWI-EPG<br><br>SECOND ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NO. 7) |

  Plaintiff Kennedy McDow is proceeding *pro se* in this action bringing claims against Defendants Shelter Financial Services, LLC, RES Recovery, Merced County Sheriff Department, Merced Police Department, and unnamed John Does (collectively, Defendants). (ECF No. 1). For the reasons below, the Court orders Plaintiff to show cause why this action should not be dismissed for failure to timely complete service on Defendants.

  Under Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

  Plaintiff initiated this action with the filing of the complaint on February 10, 2021. (ECF No. 1). A summons was issued on February 16, 2021. (ECF No. 3). After Plaintiff had not filed

1

any proof of service as to any Defendant, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to timely serve Defendants as required under Federal Rule of Civil Procedure 4(m). (ECF No. 6). Specifically, the Court directed Plaintiff to show proof of service as to each Defendant or to file a response demonstrating that Plaintiff has good cause for failing to complete service and explaining when Plaintiff will complete service.

On June 14, 2021, Plaintiff filed a document entitled "proof of service by mail." (ECF No. 7). This filing contains a statement that "the complaint for a civil case" was served on February 19, 2021 "by placing a copy in postage paid envelope addressed to the person(s) hereinafter listed." (ECF No. 7, p. 1 (capitalization, bolded font, and underlining omitted)). Thereafter, each Defendant is listed with a corresponding address. This filing is subscribed as true under penalty of perjury by a person identified as Shannon McDow. *See* also 28 U.S.C. § 1746 (permitting unsworn declarations).

Federal Rule of Civil Procedure 4(l) requires, absent circumstances not applicable here, that "proof of service be made to the court . . . by the server's affidavit." *See also* 28 U.S.C. § 1746. However, Plaintiff's filing fails to show that service has been completed on any of the Defendants so as to satisfy the Court's show cause order.

First, under Rule 4(c), "[a] summons must be served with a copy of the complaint." A summons alerts a defendant to certain required information, such as the "time within which the defendant must appear and defend." Fed. R. Civ. P. 4(a). Here, the filing indicates that only the complaint was served and not also a summons containing the information required under Rule 4(a).

Second, the statement indicating that the complaint was mailed to each Defendant is not enough to show proof of service. Mail alone is not sufficient to accomplish service on Defendants.

Rule 4 permits service in a various ways. For example, a state or local governments may be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Instructive for this case, Rule 4 permits for service to be achieved according to state law, which in this case would be California under the relevant provisions. *See* Fed. R. Civ. P. 4(e), (j)(2)(B). However, California law does not permit service solely by sending the documents by mail.

Under California law "summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). Delivering a copy of the summons and the complaint requires *personal delivery*, and thus *the mailing* was insufficient under this provision. *See Hum. v. City of Santa Monica*, 5 F.3d 537 (9th Cir. 1993) ("Under California law, service upon a municipality must be accomplished by personal delivery."); *see also* Cal. Civ. Proc. Code § 415.10 (providing for personal delivery of the summons and complaint).

Service may also be accomplished as follows:

> *In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified* in Section . . . 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by *thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.* When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a) (emphasis added). But here, there is no indication that the summons and complaint were left "during usual office hours" at the appropriate office, nor that thereafter a copy of the summons *and complaint* were mailed *first class*, postage prepaid *to the person to be served* at the place where a copy of the summons and complaint were left.

The Court notes that another provision of California law permits service by mail where "[a] copy of the summons and of the complaint [are] mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of [a] notice and acknowledgment." Cal. Civ. Proc. Code § 415.30(a). Here, there is no indication that the required notice and acknowledgement, *see* § 415.30(b), were mailed to any defendant. Moreover,

3

"[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Plaintiff's filing attaches no returned written acknowledgment for any defendant to show that service has been completed.[1]

Because Plaintiff has failed to file adequate proof of service as to any Defendant, the Court will give Plaintiff another opportunity to submit a filing doing so or to submit a filing showing good cause for failing to complete service. *See* Fed. R. Civ. P. 4(l)(3) (stating that a "court may permit proof of service to be amended").

Accordingly, IT IS ORDERED as follows:

1. Plaintiff shall show cause why this action should not be dismissed for failure to timely serve Defendants as required under Federal Rule of Civil Procedure 4(m).

2. Plaintiff shall file, no later than **July 8, 2021**, proof of service as to each Defendant.[2]

3. Alternatively, in lieu of filing proof of service, Plaintiff may respond to this order by demonstrating that Plaintiff has good cause for failing to complete service and explaining specifically when Plaintiff will complete service.

4. Plaintiff is cautioned that failure to adequately respond to this order to show cause may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:  **June 17, 2021**            /s/ Eric P. Groj
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, a plaintiff may request that certain defendants waive service, such as individuals and corporations. Fed. R. Civ. P. 4(d)(1). This process is undertaken by a plaintiff's filing of a notice and request for waiver that meets certain requirements. *Id.*

[2] In submitting such proof, Plaintiff is directed to the Federal Rules of Civil Procedure, particularly Rule 4; and, if Plaintiff seeks to rely on California's state law provisions for service, Plaintiff is generally referred to Cal. Code Civ. P. §§ 415.10-415.95 (listing acceptable methods of service of process).

4