UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNEDY MCDOW, | Case No. 1:21-cv-00163-AWI-EPG |
|---|---|
| Plaintiff, | ORDER DISCHARGING SECOND ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |
| v. | |
| SHELTER FINANCIAL SERVICES, LLC, et al., | |
| Defendants. | |
| | (ECF NO. 8) |

Plaintiff Kennedy McDow is proceeding *pro se* in this civil action. (ECF No. 1). On June 17, 2021, the Court issued a second order for Plaintiff to show cause why this action should not be dismissed for failure to timely complete service on Defendants. (ECF No. 8). For the reasons given below, the Court will discharge the second show cause order.[1]

Under Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure,

---

[1] The second show cause order (ECF No. 8) superseded the initial show cause order (ECF No. 6) so this Court need not also discharge the initial show cause order.

1

the court must extend the time for service for an appropriate period." *Id.*

Plaintiff initiated this action with the filing of the complaint on February 10, 2021. (ECF No. 1). A summons was issued on February 16, 2021. (ECF No. 3). After Plaintiff had not filed any proof of service as to any Defendant, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to timely serve Defendants as required under Federal Rule of Civil Procedure 4(m). (ECF No. 6). Specifically, the Court directed Plaintiff to show proof of service as to each Defendant or to file a response demonstrating that Plaintiff had good cause for failing to complete service and explaining when Plaintiff would complete service.

On June 14, 2021, Plaintiff filed a document entitled "proof of service by mail." (ECF No. 7). This filing contained a statement that "the complaint for a civil case" was served on February 19, 2021 "by placing a copy in postage paid envelope addressed to the person(s) hereinafter listed." (ECF No. 7, p. 1 (capitalization, bolded font, and underlining omitted)). Thereafter, Plaintiff listed each Defendant with a corresponding address. The filing was subscribed as true under penalty of perjury by a person identified as Shannon McDow. *See* also 28 U.S.C. § 1746 (permitting unsworn declarations).

On June 17, 2021, the Court issued its second show cause order noting that Plaintiff's purported proof of service was insufficient to show that any Defendant had been served. (ECF No. 8). The Court ordered Plaintiff to show cause why this action should not be dismissed for failure to timely serve Defendants as required under Federal Rule of Civil Procedure 4(m) and directed Plaintiff to file, no later than July 8, 2021, proof of service as to each Defendant. Alternatively, in lieu of filing proof of service, the order directed Plaintiff to respond by demonstrating that he has good cause for failing to complete service and explaining specifically when Plaintiff will complete service.

On July 2, 2021, Plaintiff filed a response to the show cause order and a first amended complaint. (ECF Nos. 9, 10). The response to the show cause order apologizes "for failing to file Proof of service" and notes that Plaintiff has been occupied "with the other cases [he] had going [and] failed to keep track of this case." (ECF No. 9, p. 2). The response generally reiterates Plaintiff's initial response to the show cause order (ECF No. 7), claiming that all parties were

served by mail. Plaintiff also notes the filing of his first amended complaint "adding the John Doe names and addressing the Punitive damages against ea[ch] defendant." (ECF No. 9, p. 2-3). Plaintiff concludes by stating that he might not have served the Defendants properly, that his amended complaint will be served by a process server, and that he would like an extension of time to serve the Defendants. (*Id.* at 3).

To the extent that Plaintiff's response argues that service was perfected on any Defendant so as to satisfy the requirements of Rule 4(m), the Court concludes that Plaintiff's response is insufficient. For example, Plaintiff still fails to address the Court's previously noted concern that summonses were not served with the complaint as required under Rule 4(c). (*See* ECF No. 8, p. 2). Accordingly, as Plaintiff has failed to provide proof of service within the 90-day period (i.e., by May 11, 2021) of the filing of the complaint, the Court considers whether to dismiss the Defendants from this action without prejudice for lack of service. Ultimately, the Court concludes that the circumstances here do not warrant dismissal.

Notably, Rule 4(m) permits a court to exercise its discretion to extend the time for service even if a plaintiff fails to establish good cause for failure to timely serve a defendant. *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). Here, while the time to serve Defendants expired in May 2021, Plaintiff, who is proceeding *pro se*, has been attempting to serve them. Also, Plaintiff has now filed his first amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1), which becomes the operative complaint for purposes of serving Defendants. Moreover, Plaintiff indicates that he intends to utilize a process server to serve the Defendants, which may help with the past failures to prove service.

Accordingly, IT IS ORDERED as follows:

1) The Court's discharges its second order (ECF No. 8) for Plaintiff to show cause why this case should not be dismissed without prejudice for failure to complete service on Defendants pursuant to Federal Rule of Civil Procedure 4(m);

2) The Court exercises its discretion to excuse Plaintiff's failure to serve Defendants within 90 days under Rule 4(m) and orders that service of the First Amended Complaint be made

within 90 days of July 2, 2021;

3) Plaintiff is directed generally to Rule 4 of the Federal Rules of Civil Procedure. Particularly, Plaintiff should keep in mind that Rule 4(c) requires that "[a] summons must be served with a copy of the complaint." Plaintiff "may present a summons to the clerk for signature and seal" under Rule 4(b). Plaintiff is also directed to Rule 4(d) which provides for waiver of service and Rule 4(l) which requires, absent circumstances not applicable here, that "proof of service be made to the court . . . by the server's affidavit." *See also* 28 U.S.C. § 1746.

4) No further extensions of time to serve the Defendants will be granted. And, a failure to serve the Defendants in time will result in this Court issuing findings and recommendations to dismiss this case.

5) To allow for service and appearance by Defendants, the initial scheduling conference currently set for August 23, 2021, is CONTINUED and will now be held on November 15, 2021 at 10:30 AM in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. The Court grants telephonic appearances at said conference, with each party directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453. The parties are also reminded to file a joint scheduling report one full week prior to the conference and email a copy of same, in Word format, to epgorders@caed.uscourts.gov, for the Judge's review.

IT IS SO ORDERED.

Dated: **July 8, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE