UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MCDOW,<br><br>         Plaintiff,<br><br>    v.<br><br>SHELTER FINANCIAL SERVICES, LLC, *et al.*,<br><br>         Defendants. | Case No. 1:21-cv-00163-AWI-EPG<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SHELTER FINANCIAL SERVICES, LLC AND RES RECOVERY<br><br>(ECF NO. 23) |

Plaintiff Kennedy McDow is proceeding *pro se* in this action bringing claims against Defendants Shelter Financial Services, LLC, RES Recovery, Merced County Sheriff Department, Merced Police Department, James Debrum, Alex Roberson, and Merced Officer Garcia. (ECF No. 10). This matter is before the Court on Plaintiff's application for entry of default against Defendants Shelter Financial Services, LLC and RES Recovery. (ECF No. 23). For the reasons given below, this Court will deny the request for entry of default as to these Defendants.

Under Federal Rule of Civil Procedure 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff states that both Defendants have failed to respond after having been served pursuant to Federal Rule of Civil Procedure 4. Because the record does not indicate that either Defendant has been properly served with the operative complaint, Plaintiff's request for entry of default must be denied. *Brown v.*

*Harris*, No. 1:12-CV-01472-GSA-PC, 2013 WL 5347808, at *1 (E.D. Cal. Sept. 23, 2013) ("Plaintiff has not shown that Defendants were properly served with process and failed to plead or otherwise defend pursuant to Rule 55(a). Fed. R. Civ. P. 55(a). Therefore, Plaintiff's request for entry of default must be denied.").

As to Defendant RES Recovery, Plaintiff asserts that it "was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on March 15, 2021." (ECF No. 23, p. 2). However, this assertion fails for at least two reasons. First, the operative complaint in this case is Plaintiff's first amended complaint, which he filed on July 2, 2021. (ECF No. 10). Plaintiff was required to serve his first amended complaint on Defendant RES Recovery. *See* Fed. R. Civ. P. 5(a)(1)(B) (requiring "a pleading filed after the original complaint" to be served on every party unless the court orders otherwise because there are numerous defendants). Thus, Plaintiff could not have served, in March 2021, Defendant RES Recovery with the first amended complaint that had not yet been filed and thus cannot seek an entry of default against it. *See Arnold v. Farmers Ins. Exch.*, No. 18-CV-02982-KAW, 2018 WL 3777136, at *2 (N.D. Cal. Aug. 9, 2018) ("Thus, the fact that Plaintiff had served the first amended complaint is insufficient to support entry of default; Plaintiff must serve the operative complaint [the second amended complaint] on Defendant Farmers Insurance Exchange before default can be entered.").

Second, Plaintiff's assertion that Defendant RES Recovery was properly served on March 15, 2021, has already been rejected by this Court. Notably, after Plaintiff failed to file proof of service as to any Defendant in this case, the Court entered an order on June 1, 2021, requiring Plaintiff to show cause why the action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), which permits a court to dismiss an action against a defendant who has not been served within 90 days. (ECF No. 6). On June 14, 2021, Plaintiff filed a document entitled "proof of service by mail" asserting that Defendants had been served by mail. (ECF No. 7). The Court deemed this insufficient to prove service because Plaintiff had failed to serve a summons with the complaint under Rule 4(c) and the mere mailing of the complaint was insufficient to prove service as to any Defendant—thus the Court issued a second show cause order. (ECF No. 8).

1   In response, Plaintiff submitted a filing on July 2, 2021, asserting, in pertinent part, that he
2   served the owner of RES Recovery on March 15, 2021 and arguing that he should be allowed to
3   move forward with a request for entry of default. (ECF No. 9). However, he also noted that if the
4   Court declined to find that service was achieved, that he be given an extension of time to
5   complete service, noting that he had since filed a first amended complaint adding Defendants who
6   were previously identified as "John Does." (*Id.* at 2-3).

7   As to Plaintiff's contentions that he achieved service on RES Recovery (or any
8   Defendant), the Court concluded that Plaintiff had still failed to address the deficiencies identified
9   in the Court's first show cause order. (ECF No. 11). However, the Court discharged its second
10  show cause order and noted that Plaintiff had 90 days from the filing of his first amended
11  complaint to serve defendants, with no further extensions of time being granted. Accordingly, as
12  this Court has already rejected Plaintiff's assertion that he served RES Recovery on March 15,
13  2021, Plaintiff's request for default against this Defendant must be denied.

14  Plaintiff's request for entry of default as to Defendant Shelter Financial Services, LLC
15  fails for similar reasons. Plaintiff states that this Defendant was served on July 26, 2021, which
16  the Court notes is after the filing of the July 2, 2021 first amended complaint. (ECF No. 23, p. 2).
17  As proof, Plaintiff submits a "proof of service" from Shannon McDow, which states as follows:

> I Shannon McDow hereby certify that on July 23, 2021, I served a copy of the
> Amended Complaint to Shelter Financial Services by placing a copy in a postage
> paid envelope with a return Receipt addressed to the person hereinafter listed, by
> depositing said envelope in the United States Mail at Atwater, Ca on the same day.
>   Shelter Financial Service
>   305 San Anselmo Ave Ste 215
>   San Anselmo, Ca 94960

(*Id.* at 5).

However, as this Court has already informed Plaintiff, the service of a complaint alone is
insufficient as Rule 4(c) also requires the filing of the summons. (ECF No. 8, p. 2). Additionally,
Plaintiff's mere indication that the complaint was mailed to Defendant Shelter Financial Services,
LLC is insufficient to prove service. California law permits service by mail where "[a] copy of
the summons and of the complaint [are] mailed (by first-class mail or airmail, postage prepaid) to

3

the person to be served, together with two copies of [a] notice and acknowledgment." Cal. Civ. Proc. Code § 415.30(a). However, here there is no indication that the required notice and acknowledgement, *see* § 415.30(b), were mailed to Defendant Shelter Financial Services, LLC. Moreover, "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Plaintiff attaches no returned written acknowledgment to show that service has been completed.

Because Plaintiff has failed to file adequate proof of service as to Defendants Shelter Financial Services, LLC and RES Recovery, the Court must deny the request for entry of default.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's request for entry of default (ECF No. 23) is denied; and

2. Plaintiff is reminded that *all* unserved Defendants must be served with the First Amended Complaint within 90 days of July 2, 2021. (*See* ECF No. 11).

IT IS SO ORDERED.

Dated: **September 7, 2021**              /s/ *Erin P. Groi*
                                          UNITED STATES MAGISTRATE JUDGE