UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MCDOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHELTER FINANCIAL SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00163-AWI-EPG<br><br>ORDER DIRECTING CLERK OF COURT TO DISMISS CERTAIN DEFENDANTS IN LIGHT OF PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE<br><br>(ECF NO. 26) |

On September 17, 2021, Plaintiff Kennedy McDow filed a "respon[se] to denying request for default against Defendant Shelter Financial Service and RES Recovery, motion to dismiss without prejudice." (ECF No. 26). For the reasons given, the Court construes the filing as a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**I.　BACKGROUND**

Plaintiff's operative complaint is his first amended complaint, which lists the following Defendants: Shelter Financial Services, LLC; RES Recovery; James Debrum; Alex Roberson; Merced Police Department; Merced Officer Garcia; and Merced County Sheriff Department. (ECF No. 10). Generally, the first amended complaint alleges claims stemming from an incident in which Plaintiff was arrested after he attempted to stop the repossession of his vehicle.

Service has been an issue in this case, with this Court issuing multiple orders noting that

1

certain Defendants have yet to be served and reminding Plaintiff of the 90-day time period for service provided under Federal Rule of Civil Procedure 4(m). (*See* ECF Nos. 6, 8, 11, 24). Most recently, this Court's September 8, 2021 order denied a request for entry of default against Defendants Shelter Financial Services, LLC and RES Recovery, concluding that there was no proof of service in the record. (ECF No. 24).

## II.     The Notice of Voluntary Dismissal

Plaintiff's instant filing responds to the Court's September 8, 2021 order, generally recounting his efforts to serve Defendants Shelter Financial Services, LLC and RES Recovery; acknowledging the Court's ruling that he has failed to offer proof of service; and requesting that the Court "allow a Dismissal on *all* parties." (ECF No. 26, p. 3). Plaintiff's request implicates a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) and thus will be construed as such a notice. Rule 41(a)(1)(A)(i) permits a Plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Here, only Defendant Merced Police Department has filed an answer; accordingly, the notice of voluntary dismissal is effective as to all Defendants except Merced Police Department. (ECF No. 14). The Court acknowledges that Defendant Merced County Sheriff Department has filed a motion to dismiss the first amended complaint, which remains pending. (ECF No. 19). However, Plaintiff still has the right to dismiss this case:

> Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).

*Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (internal citation omitted).

## III.    ORDER

Accordingly, given Plaintiff's notice of voluntary dismissal (ECF No. 26), the Clerk of Court is respectfully directed to terminate from the docket Defendants Shelter Financial Services, LLC, RES Recovery, James Debrum, Alex Roberson, Merced Officer Garcia, and Merced County Sheriff Department as voluntarily dismissed without prejudice.

Additionally, the Clerk is directed to reflect the motion to dismiss (ECF No. 19) as no longer pending on the docket.

Defendant Merced Police Department shall remain a defendant in this case at this time.[1]

IT IS SO ORDERED.

Dated:   **September 21, 2021**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff seek to dismiss Defendant Merced Police Department, and thus the remainder of this action, he is directed to Rule 41(a)(1)(A)(ii), which permits a stipulation of dismissal signed by all parties who have appeared, and Rule 41(a)(2), which permits a dismissal by a court order on terms that the court considers proper.